STAN S. MALLISON (Bar No. 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
  HectorM@TheMMLawFirm.com
JUAN GAMBOA (Bar No. 327352)
  JGamboa@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA—DISTRICT OF SACRAMENTO

| | |
|---|---|
| KRISTEENA TINNIN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUTTER VALLEY MEDICAL FOUNDATION. and DOES 1 through 20, inclusive<br><br>Defendants. | **CLASS ACTION COMPLAINT**<br><br>1. Violation of the Fair Labor Standards Act: Failure to Pay Overtime Wages<br>2. Failure to Pay Minimum Wages<br>3. Failure to Pay Overtime Wages<br>4. Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions<br>5. Failure to Provide Meal Periods or Premium Wages in Lieu Thereof<br>6. Failure to Pay All Wages Owed Upon Termination or Resignation<br>7. Violation of Unfair Competition Law<br>8. Enforcement of the California Labor Code Private Attorney General Act |

Class Action Complaint - Demand for Jury Trial

1.     Plaintiff Kristeena Tinnin (hereafter referred to as "Plaintiff") brings this action against SUTTER VALLEY MEDICAL FOUNDATION (hereafter referred to as "Defendants"), California Corporations and DOES 1 through 20 and its subsidiaries or controlled affiliated corporations, partnerships, parent companies, subsidiaries, partners, "dbas", or agents, and allege upon information and belief which is based upon the investigation of her counsel, except as to the allegations concerning Plaintiff, or her counsel, which are made upon Plaintiff's personal knowledge.

I.     **NATURE OF THE ACTION**

2.     This is a wage and hour action to vindicate the rights afforded to employees by Federal and California labor law. This action is brought by Plaintiff herself against Defendants. Plaintiff's California Private Attorney General Act, Labor Code §§ 2698 *et seq.* ("PAGA") claim is brought as an enforcement action on behalf of the state for penalties and other remedies on behalf of the State of California and current and former employees as expressly permitted by that statute. All PAGA administrative requirements were met on January 3, 2020.

3.     This action revolves around the systemic failure by Defendants to pay California non-exempt employees, including Plaintiff, in conformance with Federal and California law. Defendants and Does 1-20, have employed Plaintiff directly or as agents of one another, and or is liable under California Labor Code §558.1 and are referred to herein as "Employer Defendants." Plaintiff alleges that Defendants and some Does are "persons" who violated or caused to be violated California Labor Code §558, § 1197.1, 2699 (f) and IWC Wage Orders. As such, Defendants and some Does are liable for penalties and wages which Plaintiff may seek through PAGA for themselves, current and former employees, and the State of California and are sued solely pursuant to PAGA. Some Defendant Does and Defendants, are collectively hereinafter referred to as the "PAGA Defendants" as they are liable under PAGA as either the employer or a "person" who caused the violation at issue.

4.     The core violations Plaintiff alleges against the Defendants are: (1) violation of the FLSA for failure to pay all overtime wages; (2) failure to pay minimum wages; (3) failure to pay

overtime wages in conformance with California law; (4) knowing and intentional failure to comply with itemized employee wage statement provisions; (5) failure to provide meal periods or pay additional wages in lieu thereof; (6) failure to pay all wages owed upon termination or resignation; (7) violation of Unfair Competition law and (8) enforcement of the California labor code Private Attorney General Act.

5. In addition, pursuant to the Private Attorney General Act ("PAGA"), Labor Code § 2698, *et seq.*, Plaintiff seeks penalties for the underlying violations of the Labor Code on behalf of herself, the State of California and Defendants' current and former employees. As held by the California Supreme Court in *Arias v. Sup. Ct*. 46 Cal.4th 969, 986 (2009), aggrieved employees have a substantive right to act as a proxy or agent of the State of California in seeking penalties for the State and Defendants' workforce, and although these aggrieved employees are empowered to do so in a representative fashion, the class action requirements do not apply. As such, for PAGA penalty purposes only, this action is brought on behalf of Defendants' entire past and current workforce and California's Labor & Workforce Development Agency ("LWDA") during the relevant time period covered by the statute of limitations which is one year for most PAGA penalties and three years for Labor Code §§ 256, 203 predicate violations plus tolling based upon prior complaints or PAGA notices. Plaintiff has complied with the administrative requirements pursuant to PAGA by mailing notice to the LWDA and the Defendant on October 30, 2019.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 covering claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq*.

7. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

8. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

9. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391

because this District is the district in which the Defendant and Plaintiff reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

### INTRADISTRICT ASSIGNMENT

10. This case is properly assigned to the Sacramento Division of this Court because the action arose in Stanislaus County, California. Local Rule 120(d).

### III. PARTIES

#### *Plaintiff*

11. Plaintiff Kristeena Tinnin, is a resident of California and lived within Stanislaus County. Plaintiff Kristeena Tinnin is an "aggrieved employee" pursuant to Labor Code § 2698, *et seq*. as a result of the violations and the harms described herein. At all relevant times herein, Plaintiff Kristeena Tinnin was employed by Defendants within Stanislaus County, California. Defendant employed Plaintiff Kristeena Tinnin as a non-exempt employee. Plaintiff Kristeena Tinnin was hired by Defendants to work within the counties covered by the Intradistrict Venue in the Sacramento Division of the Eastern District pursuant to Local Rule 120(d). During the relevant time period, Plaintiff Kristeena Tinnin worked for Defendants within the Intradistrict Venue of the Sacramento Division of the Eastern District, performing work as a medical assistant through approximately July 2019. Plaintiff Kristeena Tinnin has suffered injury in fact and loss of property as a result of Defendants' conduct described in this Complaint.

12. Plaintiff is informed and believes and thereon alleges that at all relevant times herein that Defendant Sutter Valley Medical Foundation is a California corporation.

13. Plaintiff is informed and believes, and based thereon alleges, that Defendants and their subsidiaries or controlled affiliated corporations, partnerships, parent companies, subsidiaries, partners, "dbas," or agents carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of these persons are legally attributable to Defendants.

14. Plaintiff brings this action pursuant to the California Labor Code §§ 201, 202, 203, 204, 205.5, 210, 214, 216, 218, 218.5, 218.6, 221, 226, 226.3, 256, 510, 512, 558, 558.1, 1174, 1194, 1194.2, 1197, 1197.1, 1199, 2802 and the applicable IWC wage order, seeking unpaid overtime wages, statutory penalties, liquidated damages, declaratory, injunctive and other equitable

PAGA COMPLAINT              Case No.

3

relief, interest, reasonable attorneys' fees, and costs of suit.

15. Plaintiff, pursuant to the Unfair Competition Law ("UCL"), Business and Professions Code § 17200 *et seq.*, also seek injunctive relief, declaratory relief, restitution, and restitutionary disgorgement of all wages earned by Plaintiff but retained by Defendants as a result of its failure to comply with the above laws. Plaintiff and the Class are also entitled to attorneys' fees, costs and interest pursuant to the private attorney provisions of California Code of Civil Procedure § 1021.5.

16. Plaintiff, on behalf of herself pursuant to FLSA, 29 U.S.C. §§201, *et seq.*, seek declaratory relief, statutory damages, actual damages, interest, and injunctive relief.

17. Plaintiff alleges that Defendants (including some Does), and each of them, are employers with respect to Plaintiff. All Defendants are liable pursuant to California Labor Code 558.1, PAGA and the FLSA.

18. On information and belief, Defendants were on notice of the improprieties alleged herein by their employees, including Plaintiff, and intentionally refused to rectify their unlawful policies.

19. Defendants' failure to compensate non-exempt employees for all "hours worked," failure to pay for all hours worked at the regular rate or required overtime premium rate, and failure to pay wages at termination, failure to reimburse employees for out-of-pocket expenses, in addition to the other violations alleged above, during all relevant times herein was intentional, willful, and deliberate.

20. Plaintiff also brings this action against Defendants pursuant to the California Labor Code Private Attorneys General Act, § 2698 *et seq*. This act provides additional derivative remedies for all of the violations described in this Complaint.

### *Defendant*

21. The following allegations as to Defendant are made on information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

22. At all times relevant, Sutter Valley Medical Foundation conducted and conducts

business in Stanislaus County. At all times relevant, Sutter Valley Medical Foundation owned, controlled or operated a business or establishment that employed persons within the meaning of Industrial Welfare Commission Order No. 4 and operated as a direct employer of Plaintiff. During all relevant times alleged herein, Sutter Valley Medical Foundation employed Plaintiff and similarly situated persons as non-exempt employees and committed in California and in this District the acts and/or caused the violations complained of therein.

## IV.  FACTUAL BACKGROUND

23.   This is action is brought by Plaintiff pursuant to the Fair Labor Standards Act 29 U.S.C. §§201, *et seq*., the California Labor Code, and California Business and Professions Code § 17200 *et seq*. The action seeks recovery for wages, compensation, and other relief due and owing to Plaintiff.

24.   The claims of this lawsuit spring from a pattern of employer misconduct and wrongdoing that has characterized the labor system in much of the healthcare industry, where unpaid and improperly paid labor, as alleged herein, are commonplace and regular practice. The Defendants herein engaged in the unlawful practices and policies alleged in this complaint, which are widespread and entrenched in the industry. The practices of the industry are common or nearly uniform among many of the major companies which employ medical assistants that spread improper employment practices. The following paragraphs detail specific violations of law comprising the wage-related claims applicable to employees that Plaintiff seeks to represent on a PAGA basis.

25.   For at least four years prior to the filing of this action and through to the present, Defendant maintained and enforced against Plaintiff, unlawful practices and policies in violation of Federal and California wage and hour laws, including but not limited to:

    a.   Failing to compensate Plaintiff for all hours worked, including but not limited to, hours greater than eight per day and/or hours greater than forty (40) per week worked by Plaintiff in violation of Federal law, California law and public policy;

    b.   Failing to provide Plaintiff, with accurate itemized wage statements in violation

    of California law and public policy;

  c. Failing to provide Plaintiff with meal and rest periods in violation of California law and public policy.

  d. Failing to pay to Plaintiff, statutory penalties pursuant to California Labor Code §§ 201, 202, 203, 226, and 1174(d) in violation of California law and public policy.

26. Plaintiff Kristeena Tinnin began her employment with Defendant Sutter Valley Medical Foundation on July 9, 2018. Plaintiff worked as a medical assistant and was responsible for the daily care of patients and carrying out the orders of doctors. On July 17, 2019, Plaintiff's employment with Defendants came to an end.

27. During an average work week, Plaintiff worked from about 8 AM to 5:30 PM. She would arrive at work 30-minutes early because she would be marked late. Plaintiff would wait at the workplace before clocking in five (5) minutes before her shift. Plaintiff estimates that in an average week she only received about two (2) to three (3) 10-minute rest periods. Even during the few breaks that Plaintiff did receive they were often interrupted. At the direction of her supervisor, the employees would page Plaintiff while she was on her break to perform work related tasks.

28. Plaintiff was also paid roughly around $1,200 dollars per two week pay period, regardless of her hours worked. This figure was the product of an unlawful rounding policy that, on the whole, favored underpayment of Plaintiff's wages.

29. Plaintiff was required to perform work prior to clocking into her shift. Among other things, Plaintiff would check the temperatures of vaccines or specimens and would document the temperatures. Plaintiff was also routinely required to clean rooms of clients or restock rooms prior to clocking in.

30. Defendants failed to compensate for all "hours worked" (within the meaning of the Wage Order No. 4-2001) and failed to pay overtime premium wages for work performed. This includes, overtime hours worked that were either not compensated, or compensated at rates lower than the applicable overtime premium wage rate and/or without properly calculating the regular rate of pay for purposes of paying overtime, uncompensated or undercompensated time spent on

statutory rest breaks, work meetings, and other activities. By their conduct, Defendants makes clear that they are intentionally and maliciously subverting Federal and California overtime wage requirements, resulting in Plaintiff's loss of property that occur as a result of Defendants' payroll policies.

31. On information and belief, Defendants have made it difficult to account with precision for the unlawfully withheld wages due to Plaintiff during all relevant times herein, because Defendants did not fully implement and preserve a record keeping method to accurately record all hours worked and wages earned by its employees as required for non-exempt employees by California Labor Code §§226 and 1174 (d) and the applicable Wage Order.

32. Defendants have failed to comply with California Labor Code § 226(a) by failing to itemize in wage statements all wages earned and accounting for the applicable rate of pay for Plaintiff. Plaintiff is therefore entitled to statutory penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(e).

## VI.   CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### VIOLATION OF THE FAIR LABOR STANDARDS ACT: FAILURE TO PAY OVERTIME WAGES

(FAIR LABOR STANDARDS ACT (FLSA), 29 U.S.C. §201 *et seq.*)

33. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

34. On information and belief and at all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C §203. At all relevant times, Defendants employed, and continue to employ employees, including Plaintiff.

35. Attached hereto is the Consent to Sue form signed by Plaintiff pursuant to §16(b) of the FLSA, 29 U.S.C. §§216(b) and 256. It is likely that other similarly situated individuals will sign consent forms and join as Plaintiffs asserting FLSA claims in the future.

36. The FLSA requires each covered employer, including Defendants, to compensate

all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

37. Plaintiff is entitled to overtime compensation for all overtime hours worked.

38. At all relevant times, Defendants, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff for her hours worked in excess of forty hours per week.

39. By failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §207(a)(1).

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

41. Plaintiff, on behalf of herself, seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

42. Plaintiff, on behalf of herself, seek damages in the amount of unpaid overtime compensation, liquidated damages as provided by 29 U.S.C. §216 (b), interest, and such other legal and equitable relief as the Court deems just and proper.

43. WHEREFORE, Plaintiff requests relief as described herein and below on behalf of herself.

## SECOND CLAIM FOR RELIEF

### FAILURE TO PAY MINIMUM WAGE
(CAL. LABOR CODE §§ 1194, 1194.2 1197(a) AND WAGE ORDER 4)

44. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

45. California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage," states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

46. The applicable minimum wage is $11.00 per hour. Wages accrue interest at 10% per annum from the date that they were required to be paid.

47. Defendant has failed to pay Plaintiff at least at the minimum wage rates for all hours worked. In particular, Plaintiff was compensated for some hours worked at a rate less than the statutory minimum, or was not compensated at all for some hours worked. This resulted from Defendant's illegal wage and hour practices: (1) requiring Plaintiff to work before her shift and not compensating Plaintiff for this time; and (2) paying Plaintiff a fixed weekly amount regardless of how many hours Plaintiff worked. This violation of California minimum wage law was substantial and occurred regularly.

48. The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194 and California Business and Professions Code §§ 17200 *et seq*. Section 1194(a) states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

49. As such, Plaintiff may bring this action for minimum wages, liquidated damages, interest, costs of suit and attorney's fees against Defendant.

50. As described in California Labor Code § 1194.2, any action for minimum wage incorporates the applicable wage order of the IWC and is subject to liquidated damages for unpaid wages.

51. California Labor Code § 1194.2 provides that:

> In any action under Section 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

52. As described herein, this is an action under California Labor Code § 1194 to recover wages due to Defendant's violation of California Labor Code §§ 1197, 1194(a) and 1194.2. As a result of the minimum wage violation, Plaintiff is also entitled to liquidated damages in an amount equal to the wages unlawfully unpaid for any minimum wage violation.

**THIRD CLAIM FOR RELIEF**

### FAILURE TO PAY OVERTIME WAGES

(CAL. LABOR CODE §§510, 1194, 1194.2, AND WAGE ORDER 4)

53. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

54. California Labor Code § 510 states:

"Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

55. The identical provision is found in the applicable IWC Wage Orders 4, which are authorized under California Labor Code § 1185.

56. California Labor Code § 500 defines, "workday" and "day" to mean any consecutive 24-hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

57. As described herein, Defendants violated California Labor Code § 510 and IWC Wage Orders by failing to pay workers who were required to work more than 8 hours in one workday or 40 hours in one work week overtime wages. Defendant also violated the California Labor Code and IWC Wage Orders by compensating Plaintiff at rates lower than the applicable overtime premium wage rate. Defendant is liable as a result of Labor Code section 558.1.

58. As described herein, this is an action under California Labor Code §1194 to recover wages on account of Defendant's failure to pay overtime wages as described in California Labor Code §§ 510, 1194(a), 1194.2 and any applicable wage orders, including IWC Order No. 4-2001. Therefore, Plaintiff is also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon, plus reasonable attorneys' fees and costs of suit.

59. Wherefore, Plaintiff request relief as described herein and below.

### FOURTH CLAIM FOR RELIEF

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

(<u>CALIFORNIA LABOR CODE §§ 226(B), 1174, 1175</u>)

60. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

61. California Labor Code Section 226(a) states:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing:

    i)    gross wages earned,

    ii)    total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

    iii)    the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

    iv)    all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

    v)    net wages earned,

    vi)    the inclusive dates of the period for which the employee is paid,

    vii)    the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

    viii)    the name and address of the legal entity that is the employer, and

    ix)    all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

62. Defendants failed to provide "accurate itemized statements" to employees, including Plaintiff because the wage statements:

   a. Omitted the applicable overtime rate of pay for hours worked by Plaintiff and the Class.

63. As a result, the wage statements falsely stated the net wages earned.

64. California Labor Code § 226(e) and (g) provide for the remedy for the violations described above:

> (e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.
>
> (g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

65. Section 1174 of the California Labor Code, and Wage Order 4, requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees. The Wage Order also requires that the employer keep accurate information showing when each employee "begins and ends each work period, meal periods, and total daily hours worked." Defendant have created a uniform practice of knowingly and intentionally failing to comply with Labor Code § 1174. Defendants' failure to comply with Labor Code § 1174 is unlawful pursuant to Labor Code § 1175. When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Hernandez v. Mendoza*, 199 Cal.App.3d 721 (1988).

66. By failing to keep adequate time records required by §§ 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiff and the Class and made it difficult to calculate the unpaid wages due, and Plaintiff and the Class are entitled to up to $4,000.00 in penalties.

67. WHEREFORE, Plaintiff requests relief as described herein and below on behalf of

the Class.

## FIFTH CLAIM FOR RELIEF
### FAILURE TO PROVIDE MEAL PERIODS OR PAY ADDITIONAL WAGES IN LIEU THEREOF
(CAL. LAB. CODE §§ 226.7, 512)

68. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

69. On information and belief, Plaintiff was not afforded meal periods as required by California law, since she was routinely required to work during her meal periods, and was not compensated for these interrupted meal periods. On the occasions that Plaintiff received her meal periods, many of them were untimely. Plaintiff was not compensated for her late meal periods.

70. California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

71. The applicable wage order issued by the Industrial Welfare Commission is Wage Order 4. Wage Order 4 states with regards to meal periods:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

72. A similar provision is contained at California Labor Code § 512 and provides:

(a) An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than

13

six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

73. Defendants violated California law by failing to provide timely, uninterrupted meal periods mandated by Labor Code § 226.7 and the wage orders. Specifically, on numerous occasions, Plaintiff was not provided with a timely lunch period and was not compensated with any premium wages in lieu thereof. As such, Defendant is liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

74. Plaintiff did not voluntarily or willfully waive meal periods. Any express or implied waivers obtained from Plaintiff were not willfully obtained, were not voluntarily agreed to, was a condition of employment, or part of a contract of an unlawful adhesion.

75. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of premium wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, 512, 1194, and Wage Order 4.

76. WHEREFORE, Plaintiff requests relief as described herein and below.

### SIXTH CLAIM FOR RELIEF

### FAILURE TO PAY ALL WAGES OWED UPON TERMINATION OR RESIGNATION

(CALIFORNIA LABOR CODE §§ 201, 202, 203)

77. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

78. California Labor Code §§ 201 and 202 provide for immediate payment of all wages owed at termination of employment.

79. Defendants required Plaintiff to work without compensating her for all wages as described in this complaint and failed to pay these wages at her termination. Consequently, Defendant has violated California Labor Code §§ 201 and/or 202.

80. California Labor Code § 203 states:

If an employer willfully fails to pay, without abatement or reduction, in accordance with

Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents herself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment. Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

81. Defendants willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental. As a result, Plaintiff is entitled to 30-days' worth of wages. "30-days wages" is calculated pursuant to California case law as 30 working days and not merely a month's wages.

82. In calculating 30-days wages pursuant to California Labor Code § 203, Plaintiff is entitled to compensation for all forms of wages earned (even if not properly paid), including, but not limited to, compensation for unprovided rest periods and unprovided meal periods, compensation for work done at hourly rates below the minimum and overtime wages, and other compensation due but not received.

83. More than 30 working days have passed since Plaintiff left Defendants' employ, and despite this, she has not received payment pursuant to Labor Code § 203.  As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiff is entitled to 30 days' wages as a penalty under Labor Code § 203 for failure to pay legal wages.

84. WHEREFORE, Plaintiff seeks the relief as described herein and below.

### SEVENTH CLAIM FOR RELIEF
### VIOLATION OF UNFAIR COMPETITION LAW
(CALIFORNIA BUS. & PROF. CODE §§ 17200, ET SEQ.)

85. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

86. On information and belief, by their policies described above, Defendant engaged in unlawful activity prohibited by Business and Professions Code §§ 17200 *et seq*. The actions of Defendant as alleged within this Complaint, constitute unlawful and unfair business practices, within the meaning of Business and Professions Code §§ 17200 *et seq*. and have suffered injury

and have lost money or property as a result of Defendants' failure to comply with well-established labor laws.

87. As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff. Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiff the wrongfully withheld wages pursuant to Business and Professions Code § 17203. Plaintiff is informed and believes and thereon alleges that Defendants have been unjustly enriched through these unlawful practices.

88. The unlawful conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity in the future. Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, Defendants will continue these violations.

89. Plaintiff further requests that the Court issue a preliminary and permanent injunction requiring Defendants to comply with the recording keeping requirements under California Labor Laws.

90. WHEREFORE, Plaintiff requests injunctive, declaratory, and restitutionary relief as described herein and below.

## EIGTH CLAIM FOR RELIEF

### VIOLATIONS OF THE PRIVATE ATTORNEY GENERAL ACT OF 2004 ("PAGA")

(CALIFORNIA LABOR CODE §§ 2698, ET SEQ.)

91. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

92. Plaintiff brings this claim for herself and other current and former employees, as expressly authorized by Labor Code §§ 2699 *et seq*. PAGA is an enforcement action that empowers an aggrieved employee to seek penalties on behalf of themselves, current and former employees and the State, without the need to certify a class. For purposes of this claim only, therefore, Plaintiff brings this claim for herself and other current and former employees and need not comply with Class Action Certification.

93. Plaintiff is an aggrieved employee as defined in Labor Code § 2699(a). She brings

this cause of action on behalf of herself and other current or former aggrieved employees affected by the labor law violations alleged in this complaint.

94. The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 have been satisfied by written notice by certified mail to Defendants and to the Labor and Workforce Development Agency, detailing the Labor Code and IWC Wage Order violations averred herein. The LWDA refused to timely investigate these violations.

95. Plaintiff seeks civil penalties as provided under applicable Labor Code sections for violations of the Labor Code alleged herein pursuant to Labor Code § 2699(a). To the extent that any violation alleged herein does not carry a penalty, Plaintiff seeks civil penalties pursuant to Labor Code § 2699(f) for Plaintiff, other current or former employees and the State for violations of those sections.

96. Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

97. Plaintiff seeks penalties due from all Defendants on behalf of herself, other aggrieved employees and the State, as provided by Labor Code § 2699(i), including but not limited to, penalties due pursuant to Labor Code § 558(a) as a result of Defendants' violation of the provisions of the Labor Code and Wage Orders 4 and others.

98. Defendants are liable to Plaintiff and "other current or former employees and the state" for the civil penalties arising from the violations alleged in this Complaint. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

99. Plaintiff, and on behalf of herself and other current or former employees, request relief as described below.

## VII. <u>PRAYER FOR RELIEF</u>

100. WHEREFORE, Plaintiff prays for judgment for Plaintiff as follows:

101. For compensatory damages in an amount according to proof with interest thereon;

102. For economic and/or special damages in an amount according to proof with interest thereon;

103. For a declaratory judgment that Defendants violated the rights of Plaintiff under the FLSA, California Labor Code, and applicable wage orders as set forth in the preceding paragraphs;

104. For an award to Plaintiff of statutory damages or, in the alternative, actual damages for Defendants' violations of the California Labor Code;

105. That Defendants be found to have engaged in unfair competition in violation of California Business and Professions Code §§ 17200 *et seq.*;

106. That Defendants be ordered and enjoined to make restitution to Plaintiff due to their unfair competition, including restitutionary disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code §§ 17203 and 17204;

107. That Defendants be enjoined from continuing the unlawful course of conduct alleged herein;

108. For premium pay and statutory penalties pursuant to Labor Code § 203, excluding any penalties available solely through the procedures detailed in Labor Code §§ 2698 *et seq.*;

109. For premium wages pursuant to Labor Code §§ 226 and 226.7;

110. For minimum wages pursuant to Labor Code §§1197, 1194(a), 1194.2, and the Wage Orders;

111. For liquidated damages pursuant to the Labor Code § 1194.2;

112. For penalties pursuant to Labor Code § 226.

113. For attorneys' fees, interests, and costs of suit under the California Labor Code including §§ 226, 1194, and pursuant to the private attorney provisions of California Code of Civil Procedure § 1021.5.

114. For unpaid wages, liquidated damages, penalties and other relief as provided by the California Labor Code.

115. For such other and further relief as the Court deems just and proper excluding any

penalties available solely through the procedures detailed in Labor Code §§ 2698 *et seq*.

116. For penalties for the State, Plaintiff and other current or former employees pursuant to the Labor Code Private Attorney General Act.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims and of the Class by jury to the extent authorized by law.

Dated:  April 1, 2020                    MALLISON & MARTINEZ

By:  /s/ Juan Gamboa
Juan Gamboa, Esq.
Stan Mallison
Hector Martinez
Attorneys for Plaintiffs