UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEENA TINNIN, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SUTTER VALLEY MEDICAL FOUNDATION,<br><br>Defendants. | Case No. 1:20-cv-00482-JLT-EPG<br><br>ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION; ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; ORDER SETTING FURTHER DEADLINES<br><br>(ECF Nos. 63 & 64). |

On November 18, 2022, Plaintiff filed a motion for class certification. (ECF No. 61). On November 23, 2022, Defendant filed a motion to strike, or in the alternative, stay Plaintiff's motion for class certification. (ECF No. 63). On that same day, Defendant filed an ex parte application requesting the Court to suspend all deadlines connected to Plaintiff's motion for class certification. (ECF No. 64). Plaintiff filed an opposition to Defendant's ex parte application on November 29, 2022. (ECF No. 67). A hearing regarding Defendant's ex parte application was held on November 30, 2022. (ECF Nos. 65 & 68). In conjunction with the hearing, the Court also held a status conference. (Id.) Stanley Mallison and Daniel Keller appeared on behalf of Plaintiff. (ECF No. 68). Teresa Ghali and Thomas Geidt appeared on behalf of Defendant. (Id.) For the reasons stated during the proceedings, IT IS ORDERED that:

1. Defendant's ex parte application (ECF No. 64) is GRANTED.
2. Defendant's motion to strike (ECF No. 63) is GRANTED. Plaintiff's motion for class certification (ECF No. 61) is STRICKEN in its entirety.
3. Plaintiff has leave to file a renewed motion for class certification. Before filing the renewed motion, Plaintiff must meet and confer with Defendant in accordance with the Court's standing order (ECF No. 59).
4. The Court sets the following briefing schedule regarding Plaintiff's renewed motion for class certification:

| | |
|---|---|
| Deadline to file renewed motion for class certification: | **December 5, 2022** |
| Deadline for opposition: | **March 24, 2023** |
| Deadline for reply: | **April 14, 2023** |
| Hearing date[1]: | **April 28, 2023, at 10:00 AM** |

5. Further, the parties have leave to conduct limited discovery regarding class certification issues.
6. As stated during the proceedings, if there is a dispute about the scope of discovery after the parties have met and conferred and served discovery requests, then the parties shall request an informal discovery dispute conference prior to filing any discovery motion. A party wishing to schedule such a conference should contact chambers to receive available dates. The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue.
   a. Prior to the conference, the parties shall simultaneously file an Informal Discovery Dispute Letter Brief, outlining their positions regarding the dispute. Such briefs shall be no longer than three pages single-spaced, and may include up to five pages of exhibits. The parties are also directed to email their briefs to epgorders@caed.uscourts.gov. The Court will provide the date and time the Letter Briefs are due at the time the conference is scheduled.
   b. The parties are advised that the Court will not issue a formal ruling at the time of

---

[1] The Court reserves the right to change the hearing date.

the conference. Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute. If no resolution can be reached without formal motion practice, the Court will authorize the filing of a formal discovery motion.

7. If a motion is brought pursuant to Federal Rule of Civil Procedure 37 or 45, after receiving permission from the Court, the parties must prepare and file a Joint Statement re: Discovery Disagreement ("Joint Statement") as required by Local Rule 251.[2] In scheduling such motions, Magistrate Judge Grosjean may grant applications for an order shortening time pursuant to Local Rule 144(e). If a party does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    a. A Joint Statement, not to exceed twenty-five (25) pages, must be filed seven (7) calendar days before the scheduled hearing date. Prior to the filing of the Joint Statement, the parties must meet and confer as set forth in Local Rule 251(b). In addition to filing the Joint Statement electronically, a copy of the Joint Statement in Word format must be sent to Magistrate Judge Grosjean's chambers via email to epgorders@caed.uscourts.gov. Courtesy copies for any pleading in excess of twenty-five pages (25) (including exhibits) shall also be delivered to chambers via US mail, or hand delivery, at the time the Joint Statement is electronically filed. Motions may be removed from the Court's calendar if the Joint Statement is not timely filed, or if courtesy copies are not timely delivered.

8. Failure to comply with this order shall result in the imposition of sanctions.

IT IS SO ORDERED.

    Dated: **December 1, 2022**        /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

---

[2] Certain limited exceptions from filing the required Joint Statement are outlined in Local Rule 251(e).